1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                         WESTERN DISTRICT OF WASHINGTON

8                                     AT SEATTLE

9  CAITLIN JONES,                              Case No. 2:23-cv-00553-JHC

10                                             **STIPULATED PROTECTIVE ORDER**

               Plaintiff,

11

12      vs.

13  EMPOWERME WELLNESS, LLC, a
    Missouri corporation,

14

15              Defendant.

16

17  1.    <u>PURPOSES AND LIMITATIONS</u>

18          Discovery in this action is likely to involve production of confidential, proprietary, or

19  private information for which special protection may be warranted. Accordingly, the parties hereby

20  stipulate to and petition the court to enter the following Stipulated Protective Order. The parties

21  acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

22  protection on all disclosures or responses to discovery, the protection it affords from public

23  disclosure and use extends only to the limited information or items that are entitled to confidential

24  treatment under the applicable legal principles, and it does not presumptively entitle parties to file

25  confidential information under seal.

26

O'HAGAN MEYER PLLC
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 206-929-2759

2.   <u>"CONFIDENTIAL" MATERIAL</u>

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

2.1   employment records of individuals who are not parties to this action, including personnel records containing sensitive personal information, medical information, or personal identifying information, sensitive information about family members, payroll records, and evaluations of performance;

2.2   financial statements and tax records;

2.3   proprietary and non-public business information, such as business plans, reorganization plans, or strategy-related documents;

2.4   communications and documents related to Defendant's or patients (i.e., patients of Defendant or of its clients) that contain sensitive medical information;

2.5   communications and documents related to Defendant's sales, business model, or pricing that could be used by a competitor to obtain a business advantage; and

2.6   Plaintiff's medical records.

3.   <u>SCOPE</u>

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

/ / /

/ / /

/ / /

/ / /

STIPULATED PROTECTIVE ORDER
2:23-cv-00553-JHC - Page 2

1  4.    <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>

2      4.1    <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed

3  or produced by another party or by a non-party in connection with this case only for prosecuting,

4  defending, or attempting to settle this litigation. Confidential material may be disclosed only to the

5  categories of persons and under the conditions described in this agreement. Confidential material

6  must be stored and maintained by a receiving party at a location and in a secure manner that ensures

7  that access is limited to the persons authorized under this agreement.

8      4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered

9  by the court or permitted in writing by the designating party, a receiving party may disclose any

10  confidential material only to:

11      (a)    the receiving party's counsel of record in this action, as well as employees

12  of counsel to whom it is reasonably necessary to disclose the information for this litigation;

13      (b)    the officers, directors, and employees (including in-house counsel) of the

14  receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

15  agree that a particular document or material produced is for Attorney's Eyes Only and is so

16  designated;

17      (c)    experts and consultants to whom disclosure is reasonably necessary for this

18  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19      (d)    the court, court personnel, and court reporters and their staff;

20      (e)    copy or imaging services retained by counsel to assist in the duplication of

21  confidential material, provided that counsel for the party retaining the copy or imaging service

22  instructs the service not to disclose any confidential material to third parties and to immediately

23  return all originals and copies of any confidential material;

24  / / /

25  / / /

26  / / /

STIPULATED PROTECTIVE ORDER
2:23-cv-00553-JHC - Page 3

1    (f)    during their depositions, witnesses in the action to whom disclosure is

2    reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

3    (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

4    transcribed deposition testimony or exhibits to depositions that reveal confidential material must

5    be separately bound by the court reporter and may not be disclosed to anyone except as permitted

6    under this agreement;

7    (g)    the author or recipient of a document containing the information or a

8    custodian or other person who otherwise possessed or knew the information; and

9    (h)    a mediator or mediation service, and staff thereof.

10    4.3    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or

11    referencing such material in court filings, the filing party shall confer with the designating party,

12    in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will

13    remove the confidential designation, whether the document can be redacted, or whether a motion

14    to seal or stipulation and proposed order is warranted. During the meet and confer process, the

15    designating party must identify the basis for sealing the specific confidential information at issue,

16    and the filing party shall include this basis in its motion to seal, along with any objection to sealing

17    the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and

18    the standards that will be applied when a party seeks permission from the court to file material

19    under seal. A party who seeks to maintain the confidentiality of its information must satisfy the

20    requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.

21    Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with

22    the strong presumption of public access to the Court's files.

23    / / /

24    / / /

25    / / /

26    / / /

STIPULATED PROTECTIVE ORDER
2:23-cv-00553-JHC - Page 4

O'HAGAN MEYER PLLC
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 206-929-2759

1    5.    DESIGNATING PROTECTED MATERIAL

2        5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party

3    or non-party that designates information or items for protection under this agreement must take

4    care to limit any such designation to specific material that qualifies under the appropriate

5    standards. If practicable, the designating party must designate for protection only those parts of

6    material, documents, items, or oral or written communications that qualify, so that other portions

7    of the material, documents, items, or communications for which protection is not warranted are

8    not swept unjustifiably within the ambit of this agreement.

9        Mass, indiscriminate, or routinized designations are prohibited. Designations that are

10    shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

11    unnecessarily encumber or delay the case development process or to impose unnecessary expenses

12    and burdens on other parties) expose the designating party to sanctions.

13        If it comes to a designating party's attention that information or items that it designated for

14    protection do not qualify for protection, the designating party must promptly notify all other parties

15    that it is withdrawing the mistaken designation.

16        5.2    Manner and Timing of Designations. Except as otherwise provided in this

17    agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or

18    ordered, disclosure or discovery material that qualifies for protection under this agreement must

19    be clearly so designated before or when the material is disclosed or produced.

20        (a)    Information in documentary form: (*e.g.*, paper or electronic documents and

21    deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

22    the designating party must affix the word "CONFIDENTIAL" to each page that contains

23    confidential material. If only a portion or portions of the material on a page qualifies for protection,

24    the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

25    markings in the margins).

26    / / /

STIPULATED PROTECTIVE ORDER
2:23-cv-00553-JHC - Page 5

O'HAGAN MEYER PLLC
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 206-929-2759

1          (b)      <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties

2    and any participating non-parties must identify on the record, during the deposition or other pretrial

3    proceeding, all protected testimony, without prejudice to their right to so designate other testimony

4    after reviewing the transcript. Any party or non-party may, within twenty-eight days after receiving

5    the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

6    exhibits thereto, as confidential. If a party or non-party desires to protect confidential information

7    at trial, the issue should be addressed during the pre-trial conference.

8          (c)      <u>Other tangible items</u>: the producing party must affix in a prominent place

9    on the exterior of the container or containers in which the information or item is stored the word

10   "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

11   the producing party, to the extent practicable, shall identify the protected portion(s).

12       5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

13   designate qualified information or items does not, standing alone, waive the designating party's

14   right to secure protection under this agreement for such material. Upon timely correction of a

15   designation, the receiving party must make reasonable efforts to ensure that the material is treated

16   in accordance with the provisions of this agreement.

17   6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

18       6.1     <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of

19   confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

20   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

21   burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

22   challenge a confidentiality designation by electing not to mount a challenge promptly after the

23   original designation is disclosed.

24   / / /

25   / / /

26   / / /

STIPULATED PROTECTIVE ORDER
2:23-cv-00553-JHC - Page 6

1    6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute

2    regarding confidential designations without court involvement. Any motion regarding confidential

3    designations or for a protective order must include a certification, in the motion or in a declaration

4    or affidavit, that the movant has engaged in a good faith meet and confer conference with other

5    affected parties in an effort to resolve the dispute without court action. The certification must list

6    the date, manner, and participants to the conference. A good faith effort to confer requires a face-

7    to-face meeting, a videoconference, or a telephone conference.

8    6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court

9    intervention, the designating party may file and serve a motion to retain confidentiality under Local

10   Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

11   persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

12   made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

13   other parties) may expose the challenging party to sanctions. All parties shall continue to maintain

14   the material in question as confidential until the court rules on the challenge.

15   7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

16         <u>LITIGATION</u>

17         If a party is served with a subpoena or a court order issued in other litigation that compels

18   disclosure of any information or items designated in this action as "CONFIDENTIAL," that party

19   must:

20         (a)    promptly notify the designating party in writing and include a copy of the

21   subpoena or court order;

22         (b)    promptly notify in writing the party who caused the subpoena or order to

23   issue in the other litigation that some or all of the material covered by the subpoena or order is

24   subject to this agreement. Such notification shall include a copy of this agreement; and

25         (c)    cooperate with respect to all reasonable procedures sought to be pursued by

26   the designating party whose confidential material may be affected.

STIPULATED PROTECTIVE ORDER
2:23-cv-00553-JHC - Page 7

O'HAGAN MEYER PLLC
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 206-929-2759

1  8.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

2          If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

3  material to any person or in any circumstance not authorized under this agreement, the receiving

4  party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

5  (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

6  person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

7  and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

8  Bound" that is attached hereto as Exhibit A.

9  9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

10         MATERIAL

11         When a producing party gives notice to receiving parties that certain inadvertently

12 produced material is subject to a claim of privilege or other protection, the obligations of the

13 receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

14 is not intended to modify whatever procedure may be established in an e-discovery order or

15 agreement that provides for production without prior privilege review. The parties agree to the

16 entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

17 10.     NON TERMINATION AND RETURN OF DOCUMENTS

18         Within 60 days after the termination of this action, including all appeals, each receiving

19 party must return all confidential material to the producing party, including all copies, extracts,

20 and summaries thereof. Alternatively, the parties may agree upon appropriate methods of

21 destruction.

22         Notwithstanding this provision, counsel are entitled to retain one archival copy of all

23 documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

24 deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

25 product, even if such materials contain confidential material.

26 / / /

STIPULATED PROTECTIVE ORDER
2:23-cv-00553-JHC - Page 8

1       The confidentiality obligations imposed by this agreement shall remain in effect until a

2  designating party agrees otherwise in writing or a court orders otherwise.

3       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

                                   MALONEY O'LAUGHLIN

5

6  DATED: <u>07/17/2023</u>         *s/ Matt J. O'Laughlin*

7                                   Amy K. Maloney, WSBA 55610
                                   amy@pacwestjustice.com

8                                   Matt J. O'Laughlin, WSBA 48706
                                   matt@pacwestjustice.com

9                                   Steven A. Toff, WSBA 59575
                                   steven@pacwestjustice.com

10                                 200 W. Mercer Street, Suite 506
                                   Seattle, WA 98119

11                                   Tel.: 206.513.7485

12

13                                   *Attorneys for Plaintiff*

14

                                   O'HAGAN MEYER PLLC

15

16  DATED: <u>07/17/2023</u>         *s/ Brad Bigos*

17                                   Brad Bigos, WSBA No. 52297
                                   bbigos@ohaganmeyer.com

18                                   600 1st Avenue
                                   Suite 102, #2256

19                                   Seattle, WA 98104
                                   Tel.: 206.929.2759

20

21                                   *Attorneys for Defendant EmpowerMe*
                                   *Wellness, LLC*

22

23       THE REMAINDER OF THIS PAGE WAS INTENTIONALLY LEFT BLANK.

24

25

26

1        PURSUANT TO STIPULATION, IT IS SO ORDERED

2        IT IS FURTHER ORDERED that, pursuant to Fed. R. Evid. 502(d), the production of any

3  documents, electronically stored information (ESI) or information, whether inadvertent or

4  otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or

5  state proceeding, constitute a waiver by the producing party of any privilege applicable to those

6  documents, including the attorney-client privilege, attorney work-product protection, or any other

7  privilege or protection recognized by law. This Order shall be interpreted to provide the maximum

8  protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.

9  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review

10  of documents, ESI, or information (including metadata) for relevance, responsiveness and/or

11  segregation of privileged and/or protected information before production.  Information produced

12  in discovery that is protected as privileged or work product shall be immediately returned to the

13  producing party.

14

15        DATED:    July 18, 2023

16

17                                                        _____

18                                        The Honorable John H. Chun
United States District Court Judge

19

20

21

22

23

24

25

26

**O'HAGAN MEYER PLLC**
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 206-929-2759

1    <u>EXHIBIT A</u>

2    <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3    I, _____ [print  or  type  full  name],  of

4    _____ [print or type full address], declare under penalty of

5    perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6    issued by the United States District Court for the Western District of Washington on [date] in the

7    case of *Caitlin Jones v. EmpowerMe Wellness, LLC*, U.S. District Court, Western District of

8    Washington, Case No. 2:23-cv-00553-JHC. I agree to comply with and to be bound by all the

9    terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

10   comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

11   promise that I will not disclose in any manner any information or item that is subject to this

12   Stipulated Protective Order to any person or entity except in strict compliance with the provisions

13   of this Order.

14   I further agree to submit to the jurisdiction of the United States District Court for the

15   Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

16   Order, even if such enforcement proceedings occur after termination of this action.

17   Date:_____

18   City and State where sworn and signed:_____

19   Printed name:_____

20   Signature: _____

21

22

23

24

25

26

EXHIBIT A TO STIPULATED PROTECTIVE ORDER
2:23-cv-00553-JHC - Page 1

**O'HAGAN MEYER PLLC**
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 206-929-2759