THE HONORABLE JOHN H. CHUN

1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                         WESTERN DISTRICT OF WASHINGTON

8                                     AT SEATTLE

9   CAITLIN JONES,                          | Case No. 2:23-cv-00553-JHC

10              Plaintiff,                   | **AGREEMENT REGARDING**
                                            | **DISCOVERY OF ELECTRONICALLY**
11                                           | **STORED INFORMATION AND**
                                            | **ORDER**
12     vs.

13  EMPOWERME WELLNESS, LLC, a
    Missouri corporation,

14

15              Defendant.

16

17         The parties hereby stipulate to the following provisions regarding the discovery of

18  electronically stored information ("ESI") in this matter:

19  **A.     General Principles**

20         1.      An attorney's zealous representation of a client is not compromised by conducting

21  discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate

22  in facilitating and reasonably limiting discovery requests and responses raises litigation costs and

23  contributes to the risk of sanctions.

24         2.      As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P.

25  26(b)(1) must be applied in each case when formulating a discovery plan. To further the

26  application of the proportionality standard in discovery, requests for production of ESI and related

**O'HAGAN MEYER PLLC**
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 206-929-2759

1   responses should be reasonably targeted, clear, and as specific as possible.  This agreement is

2   intended to assist the parties in identifying relevant, responsive information that has been stored

3   electronically and is proportional to the needs of the case.  The agreement does not supplant the

4   parties' obligations to comply with Fed. R. Civ. P. 34.

5   **B.      ESI Disclosures**

6         Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each

7   party shall disclose:

8         1.      Custodians. The custodians most likely to have discoverable ESI in their

9   possession, custody, or control. The custodians shall be identified by name, title, connection to

10   the instant litigation, and the type of information under the custodian's control.

11        2.      Non-custodial Data Sources. A list of non-custodial data sources (*e.g.*, shared

12   drives, servers), if any, likely to contain discoverable ESI.

13        3.      Third-Party Data Sources. A list of third-party data sources, if any, likely to

14   contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud

15   storage) and, for each such source, the extent to which a party is (or is not) able to preserve

16   information stored in the third-party data source.

17        4.      Inaccessible Data. A list of data sources, if any, likely to contain discoverable ESI

18   (by type, date, custodian, electronic system, or other criteria sufficient to specifically identify the

19   data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

20   [*Section (D)(3) below sets forth data sources and ESI which are not required to be preserved by*

21   *the parties. Those data sources and ESI do not need to be included on this list.*]

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - Page 2

1   **C.    ESI Discovery Procedures**

2         1.    <u>On-site inspection of electronic media.</u> Such an inspection shall not be required

3   absent a demonstration by the requesting party of specific need and good cause or by agreement

4   of the parties.

5         2.    <u>Search methodology.</u>

6         a.    <u>General Procedure:</u> The parties shall timely confer to attempt to reach agreement

7   on appropriate search methodology to be used by each party, such as filtering for communications

8   among relevant custodians, applying date restrictions, and proposing relevant search terms to be

9   tested.  The relevant custodians should be agreed upon as early as possible, and before collection

10  of data is completed.  Once data is collected and search parameters are tested by the producing

11  party, if the results of those parameters return an unreasonably large number or volume of results

12  (*e.g.*, number of documents), or a large number of irrelevant or unrelated results, the parties will

13  advise what results will be reviewed and what will not be reviewed.  After the parties discuss the

14  search parameters to be used and the results of those parameters, the receiving party may also

15  request additional or alternative the searches to be used, which should be considered as long as

16  they do not impose an undue burden on the producing party.  If necessary, the parties will

17  cooperate to revise the search parameters towards the goal of reaching agreement on a reasonable

18  and proportional scope of review to be conducted and completed.

19        b.    <u>Guidelines for Specific Searches:</u> The following provisions apply to search terms

20  or queries of the requesting party.  Focused terms and queries should be employed; broad terms

21  or queries, such as product and company names, generally should be avoided.  A conjunctive

22  combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search

23  and shall count as a single search term. A disjunctive combination of multiple words or phrases

24  (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as

25  a separate search term unless they are variants of the same word.  The producing party may

26

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - Page 3

1  identify each search term or query returning overbroad results demonstrating the overbroad

2  results and a counter proposal correcting the overbroad search or query.

3      3.  <u>Format.</u>

4      a.  The parties should discuss the format of productions before productions

5  are created to ensure the production is compatible with the e-discovery platform being used by

6  the receiving party, to include the file type for images (*e.g.,* TIFF, searchable PDF, etc.).

7      b.  Unless otherwise agreed to by the parties, files that are not easily converted

8  to image format, such as spreadsheet, database, and drawing files, will be produced in native

9  format.  Documents that contain redactions will not be produced in native format.

10      c.  Each document image file shall be named with a unique number (Bates

11  Number). File names should not be more than twenty characters long or contain spaces. When a

12  text-searchable image file is produced, the producing party must preserve the integrity of the

13  underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable,

14  the revision history.

15      d.  If a document is more than one page, the unitization of the document and

16  any attachments and/or affixed notes shall be maintained as they existed in the original document.

17      f.  The full text of each electronic document shall be extracted ("Extracted

18  Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text

19  format (or Unicode text format if the text is in a foreign language) and shall be named with a

20  unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding

21  production version of the document followed by its file extension).

22      4.  <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial

23  and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian

24  information removed during the de-duplication process tracked in a duplicate/other custodian

25  field in the database load file.

26

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - Page 4

**O'HAGAN MEYER PLLC**
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 206-929-2759

1       5.    <u>Metadata fields.</u> If the requesting party seeks metadata, the parties shall agree on

2       the metadata fields to be exchanged to the greatest extent practicable. The list of metadata type is

3       intended to be flexible and may be changed by agreement of the parties, particularly in light of

4       advances and changes in technology, vendor, and business practices.

5       6.    <u>Time Zone of Electronically Stored Communications</u>.  Where it is possible or

6       necessary to select a time zone in which electronic communications should be set when processing

7       data collected (e.g., email communications or text messages), all communications should be set

8       to Pacific Time Zone regardless of where the custodian normally resides.  The purpose of this is

9       to ensure consistency of the time stamps of documents produced by each party.

10       7.    <u>Hard-Copy Documents.</u> If the parties elect to produce hard-copy documents in an

11       electronic format, the production of hard-copy documents will include a cross-reference file that

12       indicates document breaks and sets forth the custodian or custodian/location associated with each

13       produced document. Hard-copy documents will be scanned using Optical Character Recognition

14       technology and searchable ASCII text files will be produced (or Unicode text format if the text is

15       in a foreign language), unless the producing party can show that the cost would outweigh the

16       usefulness of scanning (for example, when the condition of the paper is not conducive to scanning

17       and will not result in accurate or reasonably useable/searchable ESI). Each file will be named

18       with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding

19       production version of the document followed by its file extension).

20    **D.**    **Preservation of ESI**

21       The parties acknowledge that they have a common law obligation, as expressed in Fed. R.

22       Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in

23       the party's possession, custody, or control. With respect to preservation of ESI, the parties agree

24       as follows:

25       1.    Absent a showing of good cause by the requesting party, the parties shall not be

26       required to modify the procedures used by them in the ordinary course of business to back-up and

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - Page 5

**O'HAGAN MEYER PLLC**
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 206-929-2759

1    archive data; provided, however, that the parties shall preserve all discoverable ESI in their

2    possession, custody, or control.

3        2.    The parties will supplement their disclosures in accordance with Fed. R. Civ. P.

4    26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure

5    where that data is created after a disclosure or response is made (unless excluded under Sections

6    (D)(3) or (E)(1)-(2)).

7        3.    Absent a showing of good cause by the requesting party, the following categories

8    of ESI need not be preserved:

9            a.    Deleted, slack, fragmented, or other data only accessible by forensics.

10           b.    Random access memory (RAM), temporary files, or other ephemeral data

11                 that are difficult to preserve without disabling the operating system.

12           c.    On-line access data such as temporary internet files, history, cache,

13                 cookies, and the like.

14           d.    Data in metadata fields that are frequently updated automatically, such as

15                 last-opened dates (see also Section (E)(5)).

16           e.    Back-up data that are duplicative of data that are more accessible

17                 elsewhere.

18           f.    Server, system, or network logs.

19

20           g.    Data remaining from systems no longer in use that is unintelligible on the

21                 systems in use.

22           h.    Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or

23                 from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a

24                 copy of all such electronic data is automatically saved in real time

25                 elsewhere (such as on a server, laptop, desktop computer, or "cloud"

26                 storage).

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - Page 6

1   **E.      Privilege**

2          1.      A producing party shall create a privilege log of all documents fully withheld from

3   production on the basis of a privilege or protection, unless otherwise agreed or excepted by this

4   Agreement and Order. Privilege logs shall include a unique identification number for each

5   document and the basis for the claim (e.g., attorney-client privileged or work-product protection).

6   For ESI, the privilege log may be generated using available metadata, including author/recipient

7   or to/from/cc/bcc names; the subject matter or title; and date created. Should the available

8   metadata provide insufficient information for the purpose of evaluating the privilege claim

9   asserted, the producing party shall include such additional information as required by the Federal

10  Rules of Civil Procedure. Privilege logs will be produced to all other no later than 30 days after

11  delivering a production unless an earlier deadline is agreed to by the parties.

12         2.      Redactions need not be logged so long as the basis for the redaction is clear on the

13  redacted document.

14         3.      With respect to privileged or work-product information generated after the filing

15  of the complaint, parties are not required to include any such information in privilege logs.

16         4.      Activities undertaken in compliance with the duty to preserve information are

17  protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

18         5.      Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically

19  stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding

20  shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute

21  a waiver by the producing party of any privilege applicable to those documents, including the

22  attorney-client privilege, attorney work-product protection, or any other privilege or protection

23  recognized by law.  This Order shall be interpreted to provide the maximum protection allowed

24  by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.  Nothing contained

25  herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI,

26  or information (including metadata) for relevance, responsiveness and/or segregation of

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - Page 7

**O'HAGAN MEYER PLLC**
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 206-929-2759

1    privileged and/or protected information before production.  Information produced in discovery

2    that is protected as privileged or work product shall be immediately returned to the producing

3    party.

4                                          MALONEY O'LAUGHLIN

5

6    DATED:  07/17/2023                    s/ Matt J. O'Laughlin

7                                          Amy K. Maloney, WSBA 55610
                                           amy@pacwestjustice.com
8                                          Matt J. O'Laughlin, WSBA 48706
                                           matt@pacwestjustice.com
9                                          Steven A. Toff, WSBA 59575
                                           steven@pacwestjustice.com
10                                         200 W. Mercer Street, Suite 506
11                                         Seattle, WA 98119
                                           Tel.: 206.513.7485
12                                         Attorneys for Plaintiff

13                                         O'HAGAN MEYER PLLC

14

15   DATED:  07/17/2023                    s/ Brad Bigos

16                                         Brad Bigos, WSBA No. 52297
                                           bbigos@ohaganmeyer.com
17                                         600 1st Avenue
                                           Suite 102, #2256
18                                         Seattle, WA 98104
                                           Tel.: 206.929.2759
19                                         Attorneys for Defendant EmpowerMe
                                           Wellness, LLC
20

21

22

23

24

25

26

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - Page 8

1

**ORDER**

2

Based on the foregoing, IT IS SO ORDERED.

3

4

DATED: July 18, 2023

5

6

The Honorable John H. Chun
United States District Court Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - Page 9

**O'HAGAN MEYER PLLC**
600 1st Avenue
Suite 102, #2256
Seattle, WA 98104
Telephone: 206-929-2759